EDWARD J. WHITE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12525.   Promulgated October 9, 1928.

*Thomas T. Bailey, Esq.,* for the petitioner.
*James A. O'Callaghan, Esq.,* for the respondent.

856

OPINION.

Siefkin: The respondent included in the petitioner's income for the year 1920 the amount of $14,000 received by the petitioner in that year, consisting of $10,000 from the National Bank of Commerce, and $4,000 from the Hughes-O'Rourke Construction Co. Petitioner was retained in 1917 to represent the National Bank of Commerce in a law suit, and by agreement was to receive $5,000 as a retainer fee and $5,000 if the case were taken to the Supreme Court of Missouri and if the bank were successful on the appeal. A decision in favor of the bank was rendered in April, 1920. Payment of the entire $10,000 was made to petitioner in 1920. Payment of the $4,000 to petitioner by the Hughes-O'Rourke Construction Co. was also made in 1920.

The petitioner, in 1917, was engaged by the National Bank of Commerce to represent the bank in the case of *Bank of Commerce* v. *Wade, et al.* He received $5,000 in 1921 for the services rendered.

The petitioner contends that these fees, or at least a considerable portion thereof, should be considered income earned prior to 1920 and can not be considered as income for the taxable years 1920 and 1921. He advances the contention that the retainer fees were constructively received by the petitioner prior to 1920 and relies upon paragraph 51 of Regulations 33, which provides:

Actual receipt is a reduction to possession. Constructive receipt is where income is credited to or made available to recipients and is to be reported as income.

We can not agree with this contention. In the case of *United States* v. *Christine Oil & Gas Co.*, 269 Fed. 458, the court said:

Actual receipt within the current tax year is a condition to the levy of the tax, by the terms of the act as construed by the courts. The authority of the Treasury Department to make reasonable regulations for the execution of the law would not confer on that department the power to add to the income, subject to the tax, as defined by the law. In the case of *Edwards* v. *Keith*, 231 Fed. 110–113, 145 C. C. A. 298–301, the Court of Appeals for the Second Circuit said:

"But no instructions of the Treasury Department can enlarge the scope of this statute, so as to impose the income tax upon unpaid charges for services rendered and which, for aught any one can tell, may never be paid."

In *James H. Persons*, 5 B. T. A. 716, we held that additional compensation authorized and credited to the taxpayer upon the books of the corporation in 1920 and received by him in 1921 was not income for the year 1920, since the taxpayer kept his books and rendered his return upon the cash receipts and disbursements basis.

See also *M. E. Farr*, 3 B. T. A. 110; *Edmund J. Karr*, 2 B. T. A. 635; *Louis Titus*, 2 B. T. A. 754; and *J. M. Edmunds*, 1 B. T. A. 998, which are to the same effect.

In *Louis Titus, supra*, we stated:

Taxpayer, who is an attorney and keeps his accounts and renders his returns upon a cash receipts and disbursements basis, contends that certain payments, received in 1918 for services rendered and billed in 1917, are income for 1917. In one case a check in payment of the bill rendered was mailed late in 1917 but received by the taxpayer in 1918. In the two other transactions involved, the amount was agreed upon between taxpayer and an officer of the corporate debtors (who was also a large stockholder in each) in 1917, but no payment was made until 1918.

Taxpayer urges that the amounts were constructively received in 1917; that drafts could have been drawn and would have been honored. We find nothing to distinguish this appeal from the decision in the *Appeal of J. M. Edmunds*, 1 B. T. A. 998.

It is our opinion that the income received by the petitioner was income of the year in which it was actually received, and the holding of the respondent will not be disturbed.

*Judgment will be entered for the respondent.*